## 45127. HOWINGTON v. THE STATE.

PANNELL, Judge. The defendant was indicted in two counts, one for automobile larceny under Criminal *Code* § 26-1813 (a) and the other for larceny by receiving stolen property, the same automobile described in the first count, under Criminal *Code* § 26-1806. The jury found the defendant not guilty on the first count, but guilty on the second count. He appealed to this court from the judgment of conviction and sentence, enumerating as error the insufficiency of the evidence to support his conviction and sentence; the overruling of his plea of former jeopardy, based upon a contention that he had been convicted in a prior case, number 11279, involving a different automobile, but the same transaction, as he was found in possession of the parts of three automobiles at the same time, in cases numbers 11279 and 11280 and 11281; and various alleged errors in the charge of the court to the jury on the trial of the case. The evidence disclosed that defendant was arrested while he was unloading the parts of the three automobiles from a U-Haul-It. In his statement to the officers at the scene, he stated he was hired to haul the parts, but at the time did not know they were even automobile parts. He later gave them the names of two persons who hired him to drive the load. He also told the officers that the parts were from three different automobiles and informed them where the automobiles were when stolen and where the stripping had been done. The officers found the remains of the automobiles at the locations given by the defendant. The defendant in his statement explained his knowledge of the thefts, the location of the thefts, and the location of the stripping of the automobiles and his statement to the jury by saying that it was more or less common knowledge in the neighborhood as to all of these facts. *Held:*

1. The defendant was charged with theft by receiving a stolen automobile of a stated value. The value of the stolen automobile was proven. There was no proof of the value of the parts found in the U-Haul-It, but this was not necessary as the defendant was not indicted under that provision of Criminal *Code* § 26-1813. See paragraph (2) of that section, which provides for misdemeanor punishment where the value is less than $100 and for felony punishment when the value is $100 or more. While the evidence clearly shows that the

defendant could have been convicted under that provision, we must determine whether there was sufficient evidence to convict him of being in possession of the entire automobile. In view of his admissions to the officers and his knowledge of where the automobiles had been stolen and where they had been stripped and the fact that he was found in possession of parts of all three automobiles, the jury was authorized to find that he had been in possession of all three automobiles for the purpose of stripping them. The evidence was, therefore, sufficient to convict him of the charge of which he was accused.

2. While the sentence in the present case runs consecutive to that entered in case number 11279, the indictment in case number 11279 (the basis of the plea of former jeopardy) does not appear in the record in the present case, nor is there any proof that the indictment in that case pertained to the same transaction as the present one. Accordingly, we can not say that the trial judge erred in overruling the plea of former jeopardy.

3. A number of complaints involving the charges of the court are predicated upon the assumption that the defendant was indicted for receiving stolen components of an automobile (see paragraph (2) of Criminal *Code* § 26-1813), and since this is not a correct assumption in this case, these complaints have no merit. Further, there is no reference to any portion of the transcript in the enumerations of error or the brief of appellant relating to the charge of the court showing where these alleged charges may be found. Under these circumstances, the enumerations of error will be considered as abandoned. *Crider v. State,* 115 Ga. App. 347 (1) (154 SE2d 743).

*Judgment affirmed. Jordan, P. J., and Eberhardt, J., concur.*

ARGUED MARCH 3, 1970—DECIDED APRIL 10, 1970—
REHEARING DENIED APRIL 29, 1970.

*Davis & Davidson, Jack S. Davidson,* for appellant.
*Nat Hancock, District Attorney,* for appellee.